## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARDO LLOYD, | No. 4:20-CV-1107 |
| Plaintiff, | (Judge Brann) |
| v. | |
| WILLIAM BARR, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### AUGUST 27, 2020

## I.    BACKGROUND

Bernardo Lloyd, an immigration detainee confined at the Clinton County Correctional Facility, McElhattan, Pennsylvania, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [1]  The named Defendants are the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"); United States Citizenship and Immigration Services ("USCIS"); William Barr, United States Attorney General; and Angela Hover, Warden, Clinton County Correctional Facility. [2]  Plaintiff complains of failing to receive his evening meal on the night of May 7, 2020.  Plaintiff's application to proceed *in forma pauperis* will be granted based on the information contained

---

[1]  Doc. 1.

[2]  *Id.*

therein and the Clerk will be ordered to file the complaint, should he choose to do so.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be dismissed, with leave for Plaintiff to file an amended complaint.

## II.    FACTUAL ALLEGATIONS

The allegations of the complaint will be construed as true for purposes of this screening.  Plaintiff alleges that he is "an ardent Muslim who willfully participates in all Muslim events including this year 2020 Ramadan ceremony."[3] On May 7, 2020, Plaintiff was "diligently fasting and awaiting his evening meal as did other Muslim participants."[4]  At approximately 7:30 pm, "the normal time the food car delivers the meals, the courier began passing out the Styrofoam dinner trays to the Muslim Ramadan participants", but "as the trays began disappearing, none remained and another participant and Mr. Lloyd stood puzzled as to that was taken place."[5]  Plaintiff inquired of the lieutenant as to why there was no dinner

---

[3]  Doc. 1 at 2.
[4]  *Id.*
[5]  *Id.*

2

tray for him and for the other Ramadan participant; the lieutenant informed Plaintiff that their names had been removed from the Ramadan list, stating, "I don't know why you're off the list, but you can't practice Ramadan anymore and I have no dinner meal for neither of you."[6]  The lieutenant further indicated that "the kitchen is closed so even if I wanted to feed you I can't get into the kitchen."[7]

At that time, Plaintiff states that he "felt so degraded and an instant feeling of disgust and humiliation came upon [him]" and he "quickly sought a seat," feeling "emotionally drained" after "fasting all day and now to hear [he] can't eat, nor continue [his] religious practice " and "was removed from participating in Ramadan this year was devastating."[8]

On June 29, 2020, Lloyd filed the instant complaint, requesting compensatory and punitive damages, as well as injunctive relief, for alleged violations of his First, Eighth and Fourteenth Amendment rights, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[9]

## III.   STANDARD OF REVIEW

### A.   Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review

---

[6]  *Id*.
[7]  *Id*.
[8]  *Id.*
[9]  *Id.*

3

complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*,[10] seeks redress against a governmental employee or entity,[11] or brings a claim with respect to prison conditions.[12]   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'."[13]   To survive *sua sponte* screening for failure to state a claim,[14] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.[15]   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]   Moreover, while *pro se* pleadings

---

[10] *See* 28 U.S.C. § 1915(e)(2)(B),

[11] *See* 28 U.S.C. § 1915A(b)

[12] *See* 42 U.S.C. § 1997e.

[13] 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[14] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir.2012) (*per curiam*) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir.2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir.2008) (discussing 28 U.S.C. § 1915A(b)).

[15] *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (citation omitted).

[16] *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n. 17 (3d Cir.2012) (quoting *Iqbal*, 556 U.S. at 678).

are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."[17]

## B.     Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.[18]

---

[17] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted).

[18] *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir.2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

### A.   Personal Involvement

"A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior."[19]  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.[20]  As set forth in *Rode*,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs.... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or knowledge and acquiescence, however, must be made with appropriate particularity.[21]

> Moreover, the filing of a grievance, participation in "after-the-fact" review

of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation.[22]

---

[19] *Rode v. Dellarciprete*, 845 F.2d at 1207-08; *see also Sutton v. Rasheed,* 323 F.3d 236, 249 (3d Cir. 2003).

[20] *Rode*, 845 F.2d at 1207.

[21] *Id*. at 1207.

[22] *See Pressley v. Beard*, 266 Fed. Appx. 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation).

Aside from naming Defendant Barr in the caption of the complaint, there are no allegations against this Defendant in the body of the complaint. Because Plaintiff fails to provide any allegations of personal involvement in his complaint against any Defendant Barr, this Defendant will be dismissed without prejudice, as Plaintiff has failed to state a claim upon which relief may be granted. Additionally, any claim against Defendant Warden Hover which appear to solely arise out of the alleged failure of Defendant Hover to satisfactorily resolve Plaintiff's prison complaints and grievances is also to be dismissed.

### B.    Claims against DHS, ICE and USCIS

Lloyd's complaint asserts claims against the DHS, ICE and USCIS, under 42 U.S.C. § 1983. However, any such claims are to be dismissed with prejudice.

As stated in the statute itself, § 1983 applies only in cases of persons acting under color of **state** law.[23] It is accordingly well-settled that liability under § 1983 will not attach for actions taken under color of federal law.[24] Any actions taken by DHS, ICE or USCIS against Lloyd would have been under the authority of federal law, not state law.[25] Lloyd, accordingly, cannot state a claim against these Defendants under § 1983, and his claims are to be dismissed with prejudice.

---

[23] *See* 42 U.S.C. § 1983. (emphasis added).

[24] *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001); *see also Bethea v. Reid*, 445 F.2d 1163, 1164 (3d Cir. 1971).

[25] *See Johnson v. U.S. Attorney's,* No. CIV.A 10-1643, 2010 WL 2991409, at *2 (E.D. Pa. July 27, 2010).

## C.    Eighth Amendment Claim

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[26]  "No static test determines whether conditions of confinement are 'cruel and unusual.' These terms must 'draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society'."[27]  Conditions of prison confinement violate the Eighth Amendment only if they "deprive inmates of the minimal civilized measure of life's necessities."[28]  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care and must 'take reasonable measures to guarantee the safety of inmates'."[29]  Courts have stressed the duration of the exposure to the alleged unconstitutional conditions and the "totality of the circumstances" as critical to a finding of cruel and inhumane treatment.[30]

Plaintiff's complaint of a "purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation."[31]  Rather, "[a]

---

[26] *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

[27] *Tillery v. Owens*, 719 F. Supp. 1256, 1261 (W.D. Pa. 1989) (citing *Rhodes*, 452 U.S. at 346).

[28] *Rhodes*, 452 U.S. at 347.

[29] *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27(1984)).

[30] *Rhodes*, 452 U.S. at 362–63.

[31] *See Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim)." *Lindsey v. O'Connor*, 327 Fed. Appx. 319, 321 (3d Cir. 2009).

systematic failure to provide food in sufficient quantity to maintain normal health violates the Eighth Amendment."[32]  Isolated incidents simply do not rise to the level of a constitutional infraction.[33]

In sum, the denial of a single meal cannot lead to the denial of sufficient nutrition in a way which shocks the conscious and departs from minimal civilized standards of life's necessities.  Consequently, this claim is subject to dismissal.

### D.    Free Exercise Claim

Plaintiff alleges that his right to practice his religion properly or freely was violated by the denial of his Ramadan meal and by the removal of his named from the list of Ramadan participants .

The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ..."[34]  "Inmates clearly retain protections afforded by the First Amendment, ... including its directive that no law shall prohibit the free exercise of religion."[35]  Nevertheless, "[t]he mere assertion of a religious belief does not automatically trigger First

---

[32] *Feliciano v. Burset*, No. 79-4 PG, 2010 WL 4922700 (D.P.R. Dec. 2, 2010).

[33] *See e.g., Gonzales v. Martinez*, 892 F.2d 1046 (9th Cir. 1990) (finding no violation when inmate denied breakfast and lunch for a three-week period but fed nutritionally adequate dinner); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (holding one meal per day for fifteen days provides sufficient nutrition to sustain normal health and does not offend the Constitution); *Zanders v. Ferko*, 439 Fed. Appx. 158, 160 (3d Cir. 2011)(finding that "the alleged deprivation of three meals over two days fails to rise to the level of a constitutional violation").

[34] U.S. Const. amend. I.

[35] *DeHart v. Horn*, 227 F.3d 47, 50 (3d Cir.2000) (*en banc*) (quoting *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987).

Amendment protections, however. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection."[36]

In this case, Plaintiff has identified that he is of the Muslim faith. "The Free Exercise Clause of the First Amendment is violated when the government has 'placed a substantial burden on the observation of a central religious belief or practice' and no 'compelling governmental interests justifies the burden."[37] "In order to establish a substantial burden, [a plaintiff] must ... allege state action that is either compulsory or coercive in nature."[38]

Plaintiff does not allege facts in the complaint that any of the named Defendants placed a substantial burden of the observation of a central religious belief or practice. Indeed, Plaintiff's only complaint is that he was not on the list for his Ramadan meal and failed to receive his evening meal. There are no allegations that the named Defendants substantially burdened Plaintiff's ability to continue his practice of his faith during the holy period of Ramadan. Accordingly,

---

[36] *Id*. at 51.

[37] *Torres v. Davis*, 506 F. App'x 98, 101 (3d Cir.2012) (*per curiam*) (quoting *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989); *see also Chavis v. United States*, No. 14–2578, 2014 WL 3547851, at *5 (D.N.J. July 17, 2014).

[38] *Anspach ex rel. Anspach v. City of Phila. Dep't of Public Health*, 503 F.3d 256, 272 (3d Cir.2007) (citing *Lee v. Weisman*, 505 U.S. 577, 621, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992)) (remaining citations omitted).

the free exercise claim will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

### E.   Religious Land Use and Institutionalized Persons Act (RLUIPA) Claim

Plaintiff also claims that his rights under RLUIPA were violated when he failed to receive his evening meal.

Section 3 of RLUIPA states that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution...."[39] "A plaintiff-inmate bears the burden to show that a prison institution's policy or official practice has substantially burdened the practice of that inmate's religion."[40] According to the Third Circuit, a substantial burden exists where an inmate "is forced to choose between following precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit...."[41] A substantial burden also exists where "the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs."[42] Citing to RLUIPA's legislative history, the Third Circuit has explained that what constitutes a "substantial burden" should be defined broadly.[43]

---

[39] 42 U.S.C. § 2000cc–1(a).
[40] *Washington v. Klem*, 497 F.3d 272, 277–78 (3d Cir.2007).
[41] *Id*. at 280.
[42] *Id.*
[43] *Id.*

Here, the issue is whether the failure to serve Plaintiff his evening Ramadan meal amounts to a "substantial burden" and whether this is pursuant to a "policy or official practice."  The Third Circuit has observed that prisoners have a "constitutional right not to be forced into a Hobson's choice of eating food that offends one's religious beliefs, or eating very little or not at all."[44]

In *Norwood v. Strada*, the prisoner-plaintiff was not served his appropriate halal diet for three days during an emergency prison lockdown.[45]  The District Court granted the defendant's motion for summary judgment and held that the brief denial of religious meals did not substantially burden the plaintiff's religion.[46] The Third Circuit agreed and concluded that the three day time period, especially under the lock down circumstance, constituted "a mere *de minimis* intrusion."[47]  By extension, the Court finds that a single isolated incident of missing one evening meal in the case at bar did not substantially burden Plaintiff's religion.

Even if Plaintiff could prove that the failure to receive his evening Ramadan meal presented a "substantial burden," he has failed to allege that this was due to a

---

[44] *Norwood v. Strada*, 249 Fed. App'x. 269, 272 (3d Cir.2007) (non-precedential); *see also Jupiter v. Johnson*, No. 10–01968, 2011 WL 4527803 (M.D. Pa. Apr. 26, 2011) ("A prisoner who is consistently not provided meals in accordance with his religious beliefs is substantially burdened in the exercise of his religion.").

[45] *Id*. at 270 n. 1.

[46] *Id*. at 270–71.

[47] *Id*. at 272.

"policy or official practice."[48]  Accordingly, the Court will dismiss Plaintiff's

RLUIPA claim.

## V.    CONCLUSION

Generally, "plaintiffs who file complaints subject to dismissal under Rule

12(b)(6) should receive leave to amend unless amendment would be inequitable or

futile."[49]  Because Plaintiff may be able to remedy the aforementioned pleading

defects regarding the claim that he was removed from the list of Ramadan

participants, the Court will grant Plaintiff an opportunity to amend his complaint.

For the foregoing reasons, this Court will dismiss the complaint without

prejudice for failure to state a claim upon which relief may be granted, with leave

to amend granted and, dismiss, with prejudice, Defendants DHS, ICE and USCIS.

An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[48] *See Washington*, 497 F.3d at 277–78.
[49] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).